Pedro HERNANDEZ, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 11-35350.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

Jan. 4, 2013.

Daniel Donovan, Esquire, Daniel Dono-
van, PC, Great Falls, MT, for Petitioner–
Appellant.

Pedro Hernandez, pro se.

James Edmund Seykora, Esquire, Assis-
tant U.S., USBI–Office of the U.S. Attor-
ney, Billings, MT, for Respondent–Appel-
lee.

Before: GOODWIN, WALLACE, and
FISHER, Circuit Judges.

MEMORANDUM **

Pedro Hernandez appeals from the dis-
trict court's judgment denying his 28
U.S.C. § 2241 petition challenging his con-
viction and sentence for drug crimes and
money laundering. Because the district
court lacked jurisdiction over the petition,
we vacate and remand.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

Hernandez argues that he satisfies the
requirements of the "escape hatch" of 28
U.S.C. § 2255(e). This argument fails be-
cause Hernandez does not argue that he is
actually innocent of the charges of convic-
tion, and the challenges that he advances
in his petition could have been raised on
direct appeal or in his section 2255 motion.
*See Stephens v. Herrera,* 464 F.3d 895,
898–99 (9th Cir.2006) (instructional error
consisting in failure to require unanimity is
not a claim of "actual innocence" for es-
cape hatch purposes); *Harrison v. Ollison,*
519 F.3d 952, 961 (9th Cir.2008) (petitioner
who could have raised claim on direct ap-
peal or in his first § 2255 motion cannot
show that he did not have "unobstructed
procedural shot" at raising claim to qualify
for escape hatch). Accordingly, Hernan-
dez's petition is not properly brought un-
der section 2241 but is, rather, a disguised
successive section 2255 motion over which
the district court lacked jurisdiction. *See
Harrison,* 519 F.3d at 961–62.

Although Hernandez failed to seek prior
authorization to file a successive section
2255 motion as required by section
2255(h), we construe the instant appeal as
a motion for such authorization. *See Unit-
ed States v. Washington,* 653 F.3d 1057,
1065 (9th Cir.2011), *cert. denied,* — U.S.
——, 132 S.Ct. 1609, 182 L.Ed.2d 214
(2012). So construed, the motion is de-
nied, as Hernandez fails to identify "newly
discovered evidence that, if proven and
viewed in light of the evidence as a whole,
would be sufficient to establish by clear
and convincing evidence that no reasonable
factfinder would have found [him] guilty of
the offense." 28 U.S.C. § 2255(h)(1). Be-
cause the district court denied Hernan-
dez's petition rather than dismissing it,

---

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

and because Hernandez does not satisfy the requirements of section 2255(h), we remand with instructions to dismiss for lack of jurisdiction.

VACATED and REMANDED with instructions to dismiss.